UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Kelly, #323630 | ) C/A No.: 8:08-2147-CMC-BHH |
|                         Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| City of Winnsboro Police Dept.; Winnsboro City Municipal Office; Winnsboro Chief Wayne Yates; Winnsboro Municipal Judge Fay Jhonson (sic); Sgt. Dane Garrick; and Officer Joe Tolbert, | ) |
|                         Defendants. | ) |

This matter is before the Court pursuant to 42 U.S.C. § 1983. The plaintiff is incarcerated at the Stevenson Correctional Institution, and is proceeding *pro se.* Plaintiff files this action against the named defendants claiming he was falsely charged for possession with intent to distribute. According to the original complaint, these charges were dismissed on March 26, 2007.[1] Plaintiff has also filed an amended complaint raising additional claims.

Under established local procedure in this judicial district, a careful review has been

---

[1] Plaintiff also alleges that he was subsequently charged with possession with intent to distribute after this first set of charges were dropped. Plaintiff pleaded guilty to the second set of charges. According to the plaintiff, he was charged a second time because he would not agree to become an informant. Plaintiff cannot attack this second set of charges, to which he pleaded guilty, in a Section 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). The undersigned is treating this pleading as one filed pursuant to 42 U.S.C.§ 1983. If the plaintiff wishes to challenge the duration of his current confinement, he must obtain habeas forms from the Clerk of Court and file a separate action.

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the plaintiff has named individuals who may not be sued in a Section 1983 complaint.

The defendants, "City of Winnsboro Police Department", and "Winnsboro Municipal Office", consist of buildings, facilities, and grounds. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, these two defendants are not "person[s]" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). *See also Staley v. South Carolina Department of Corrections, et. al.*, 2003 WL 23541770 (D.S.C. Dec. 04, 2003)(Civil Action No. 9:03-3436-23BG), *affirmed Staley v. South Carolina Department of Corrections*, 96 Fed. Appx. 928 (4th Cir. (S.C.) May 21, 2004)(Not selected for publication

in the Federal Reporter, No. 04-6022);  As a result, these defendants are entitled to summary dismissal.

Additionally, defendant Jhonson (sic) is absolutely immune from a suit for damages. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").  *See also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the defendants "City of Winnsboro Police Department", "Winnsboro City Municipal Office", and "Judge Fay Jhonson" (sic) in the above-captioned case *without prejudice* and without issuance and service of process.  *See* 28 U.S.C. § 1915(e)(2)(B).  An order filed contemporaneously with this Report authorizes service of process against defendants Yates, Garrick, and Tolbert.

| | |
|---|---|
| Greenville, South Carolina | s/Bruce Howe Hendricks |
| August 12, 2008 | United States Magistrate Judge |

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).